**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | : | |
| Petitioner, | : | |
| VS. | : | NO. 1:13-CV-69 (WLS) |
| STATE OF GEORGIA, | : | |
| Respondent. | : | **O R D E R** |

     Petitioner **HENRY JAMES WIMBERLY, JR.**, is presently confined at the Dougherty County Jail, where he is being held without bond on charges of failing to appear. He has filed a document in this Court entitled "Petition for Reduction of Bond by Habeas Corpus in Federal Court," which the Clerk's Office has docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner has also filed a "Motion for Stay until the Criminal Issue in State Court Has Been Resolved" (Doc. 5) and a "Motion for De Novo Review" (Doc. 6).

     Petitioner's filings are unclear at best, but he attaches an order in which Dougherty County Superior Court Judge Willie E. Lockette dismissed Petitioner's state habeas corpus petition because he failed to use the standard forms of the Georgia courts.

     It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. ***See Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements ... is that petitioners must first exhaust their state court remedies"). A petitioner has not exhausted the

available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition.  28 U.S.C. § 2254(c).  Exhaustion is necessary under section 2241 as well as section 2254.  ***Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92 (1973).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

***Mason v. Allen***, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); *see also* ***O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999).

Although much of Petitioner's filings are intelligible, it appears clear that he has not fully exhausted his state court remedies.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the instant petition is therefore **DISMISSED WITHOUT PREJUDICE.**  Petitioner's motions are **DENIED AS MOOT**.  The Clerk's Office is **DIRECTED** to enclose with this Order copies of the **state** habeas corpus and *in forma pauperis* forms.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.  *See* ***McFarland v. Scott***, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.

appealability ["COA"] when it enters a final order adverse to the applicant."  A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a COA.

Because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this   28th   day of May, 2013.


　　　　　　　　　　　　　　　　　　 /s/ W. Louis Sands
　　　　　　　　　　　　　　　　　　W. LOUIS SANDS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE